*Robert P. Snell*, Assistant District Attorney, for the Commonwealth.

ROBERT SCOTT MARCY *vs*. TOWN OF SAUGUS & another.[1] July 22, 1986. *Governmental Immunity*. *Municipal Corporations*, Officers and employees. Liability for tort. *School and School Committee*, Physical education.

On October 13, 1971, the plaintiff Marcy, then aged sixteen, a member of the Saugus High School football team, was engaged in a tackling drill under the supervision or direction of Richard Salerno, a teacher-coach. In making a tackle, the plaintiff sustained injuries which resulted in quadriplegia. In this action, commenced on April 29, 1975,[2] joining Salerno and the town of Saugus as defendants, the plaintiff in count I of his substitute complaint charged Salerno with negligence; in count II charged the town with negligence in regard to the accident; in count III charged the town with wrongful failure to provide workers' compensation for the plaintiff; and in count IV charged the town with negligence in failing to provide accident, health, and disability insurance coverage for the plaintiff. The upshot of the proceedings in the action has been as follows: a motion to dismiss for failure to state a claim was allowed as to count I so far as construed to charge Salerno with nonfeasance, but denied so far as taken to charge misfeasance; a similar motion was allowed as to count III, a motion for summary judgment was allowed with respect to counts II and IV. The case is here on report, inquiring whether these rulings were correct.[3]

The law applied was the common law as before August 16, 1977, the effective date of the Massachusetts Tort Claims Act, G. L. c. 258. See St. 1978, c. 512, § 16. By those standards the lower court was right. The defendant Salerno, for the instant purpose a public official carrying out ministerial functions, could be held for misfeasance but not for nonfeasance (count I). This question was recently ventilated in *O'Neill* v. *Mencher*, 21 Mass. App. Ct. 610, 612-615 (1986). Upon the proofs received on motion for summary judgment, no genuine issue survived for trial on the plaintiff's

---

[1] Richard Salerno.

[2] The dormancy of the action was explained at the oral argument of this appeal as being related to the greater attention that was given to an action in Federal court arising from this accident.

[3] The preferable procedure would have been that under Mass.R.Civ.P. 54(b), 365 Mass. 821 (1974) (judgment upon multiple claims).

claim under count II that the town, in sponsoring football at Saugus High School, was carrying out a commercial or proprietary, rather than a public function, and was thus unprotected by governmental immunity. This question, although arising in a different factual context, was recently reviewed in *Leary* v. *Boston*, 20 Mass. App. Ct. 605, 606-608 (1985); in both instances any commercial aspect was so incidental to the public as to be nugatory. As count II fell, so did count IV purporting to assert a duty to provide insurance. On no view could the plaintiff be regarded as an employee of the town to be brought into the workers' compensation scheme (count III).

*Orders affirmed.*

*Kerry Paul Choi* (*Thomas E. Cargill, Jr.*, with him) for the plaintiff.
*Richard K. Donahue* for the defendants.